Reyna Elizabeth ORELLANA, Petitioner,

v.

Janet RENO, Attorney General, Respondent.

No. 00–70103.

I & NS A70–927–752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 16, 2001.

* William S. Halter, is substituted for his predecessor, as Commissioner of the Social Security Administration.   Fed. R.App. P. 43(c)(2).

Before GOODWIN, HUG, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Reyna Elizabeth Orellana ("Orellana"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny Orellana's petition for review. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

We review the BIA's factual findings underlying its decision to deny asylum and withholding of deportation under the substantial evidence standard. See Molina–Morales v. INS, 237 F.3d 1048, 1050 (9th Cir.2001). We will reverse the BIA's decision only if the applicant shows that the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See Cruz–Navarro v. INS, 232 F.3d 1024, 1028 (9th Cir.2000) (quoting INS v. Elias–Zacarias, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Because the BIA conducted a de novo review of the IJ's decision, we apply this standard in our review of the BIA's order. See Molina–Morales, 237 F.3d at 1050. The BIA determined that the two incidents in which Orellana was confronted by guerrillas did not constitute persecution on account of a protected ground. We cannot say that Orellana's testimony compels us to disagree with the BIA. Orellana did not show through direct or circumstantial evidence that the guerrillas actually imputed a political opinion to her and persecuted her for that opinion. See Cordon–Garcia v. INS, 204 F.3d 985, 991 (9th Cir.2000). Thus, we find that substantial evidence supports the BIA's determination that Orellana failed to establish past persecution. See Cruz–Navarro v. INS, 232 F.3d 1024, 1030 (9th Cir.2000) (finding that petitioner's testimony did not demonstrate that guerrillas believed petitioner to hold political beliefs contrary to their own, much less that they attacked him because of such beliefs).

The BIA also concluded that Orellana failed to establish a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear of persecution, Orellana must show

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), repealed this section. However, the IIRIRA provides transitional rules that apply to cases where the deportation proceedings commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. Because Orellana's deportation proceedings commenced on December 20, 1994 and a final order was issued on December 30, 1999, the IIRIRA transitional rules apply to this case.

both that her fear is subjectively genuine and that it is objectively reasonable. *See Zahedi v. INS*, 222 F.3d 1157, 1162 (9th Cir.2000). We find that substantial evidence supports the BIA's determination that Orellana failed to establish a well-founded fear of future persecution. It is doubtful that Orellana would have any valuable information to provide to the guerrillas as she has been out of the country for eleven years. Accordingly, we deny Orellana's petition for asylum.

Because Orellana has failed to satisfy the lesser standard of proof to establish eligibility for asylum, she necessarily fails to satisfy the more rigorous standard for withholding of deportation. *See Cruz–Navarro*, 232 F.3d at 1031. Accordingly, we also deny Orellana's petition with respect to her withholding of deportation claim. DENIED.